UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | CASE NO. 1:21-cr-491 |
| v. | ) ) ) | JUDGE J. PHILIP CALABRESE |
| PAUL SPIVAK, et al. | ) ) ) ) ) ) | **MOTION OF DEFENDANT PAUL SPIVAK TO DISMISS COUNTS FORTY-EIGHT AND FIFTY OF THE SECOND SUPERSEDING INDICTMENT** |

**Oral Argument Requested**

Paul Spivak, by and through undersigned counsel, moves this Court to dismiss Counts Forty-Eight and Fifty of the Second Superseding Indictment ("SSI"). As detailed in the Memorandum of Law that accompanies this Motion, (i) Count Forty-Eight violates the Sixth Amendment of the United States Constitution by seeking to deprive Spivak of his constitutional right to defend himself; and (ii) Count Fifty prejudices Spivak by charging obstruction of justice, despite the fact that there was no pending federal investigation to obstruct.

Dated: January 10, 2024

                                    Respectfully submitted,

                                    <u>/s/ *David L. Axelrod*</u>
                                    David L. Axelrod (Admitted *Pro Hac Vice*)
                                    Lauren W. Engelmyer (Admitted *Pro Hac Vice*)
                                    BALLARD SPAHR LLP
                                    1735 Market Street
                                    Philadelphia, PA 19103
                                    Telephone:    215.864.8639
                                    Facsimile:     215.864.8999
                                    Email:          axelrodd@ballardspahr.com
                                                       engelmyerl@ballardspahr.com

                                    *Attorneys for Defendant Paul Spivak*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cottenham v. Nagy*,
   No. 21-1711, 2023 U.S. App. LEXIS 21755 (6th Cir. Aug. 16, 2023) ....................................4

*Crane v. Kentucky*,
   476 U.S. 683 (1986)................................................................................................................3, 4

*Fischer v. United States*,
   No. 22-3038 (D.C. Cir. April 7, 2023)....................................................................................4

*Gratz v. Ruggiero*,
   822 F. App'x 78 (3d Cir. 2020) ...............................................................................................8

*Hamling v. United States*,
   418 U.S. 87 (1974)...................................................................................................................3

*Melendez-Diaz v. Massachusetts*,
   557 U.S. 305 (2009).................................................................................................................3

*United States v. Carson*,
   796 F. App'x 238 (6th Cir. 2019) .......................................................................................7, 8

*United States v. Giampietro*,
   475 F. Supp. 3d 779 (M.D. Tenn. 2020)................................................................................9

*United States v. Johnson*,
   968 F.2d 208 (2d Cir. 1992).....................................................................................................7

*United States v. Lee*,
   919 F.3d 340 (6th Cir. 2019) ..................................................................................................3

*United States v. McAuliffe*,
   490 F.3d 526 (6th Cir. 2007) ..................................................................................................3

*United States v. Miller*,
   767 F.3d 585 (6th Cir. 2014) ..................................................................................................6

*United States v. Resendiz-Ponce*,
   549 U.S. 102 (2007).................................................................................................................2

*United States v. Wilson*,
   796 F.2d 55 (4th Cir. 1986) ....................................................................................................8

**Statutes**

15 U.S.C. § 78ff ...................................................................................................................... 2

15 U.S.C. § 78j(b) .................................................................................................................. 2

18 U.S.C. § 371 ...................................................................................................................... 2

18 U.S.C. § 1343 .................................................................................................................... 2

18 U.S.C. § 1512 .................................................................................................................... 6

18 U.S.C. § 1512(b)(1) ....................................................................................................... 4, 7

18 U.S.C. § 1512(b)(3) .................................................................................................... 4, 7, 8

18 U.S.C. § 1512(c) ................................................................................................................ 8

18 U.S.C. § 1512(c)(1) ........................................................................................................... 8

18 U.S.C. § 1512(c)(2) ....................................................................................................... 4, 8

18 U.S.C. § 1512(d) ........................................................................................................... 5, 8

18 U.S.C. § 1512(k) ........................................................................................................... 2, 6

18 U.S.C. § 1519 ................................................................................................................ 2, 9

**Other Authorities**

17 C.F.R. § 240.10b-5 ............................................................................................................ 2

Fed. R. Crim. P. 7(c)(1) .......................................................................................................... 3

United States Constitution Sixth Amendment ............................................................... 1, 2, 3

**MEMORANDUM OF LAW**

The Sixth Amendment of the United States Constitution explicitly gives the defendant in a criminal case the right to defend himself. Through Count Forty-Eight of the SSI, the Government seeks to deprive Paul Spivak of this bedrock constitutional right and unduly prejudice him in front of a jury by criminalizing the basic act of defending himself. Similarly, in Count Fifty, the Government attempts to prejudice Spivak with the jury by charging him with obstruction of justice, despite the fact there was no pending federal investigation to obstruct. Counts Forty-Eight and Fifty, like so many of the other counts in this Indictment, are infirm and should be dismissed.

**I.     BACKGROUND**

On June 8, 2021, Spivak was arrested pursuant to a complaint. ECF 1. Following his arrest, the Government sought his pretrial detention for reasons that are entirely unclear given the nature of the crimes charged in the complaint and succeeding indictments. ECF 5. Thirteen days later, Spivak was still detained when the Government sought to continue Spivak's detention because a person – who will not testify in this matter and has no relevant evidence about any of the alleged crimes – had dead rodent(s) in a bag placed on his porch. ECF 12; SSI ¶ 21. Without any evidence, on June 21, 2021 the Government concluded that Spivak was responsible for the placement of the dead rodents, and that he had already committed obstruction of justice. ECF 23, PageID 201 ("Defendant has Already Engaged in Obstruction of Justice"). Notably, however, the Government never charged Spivak with intimidating, or attempting to intimidate, the witness.

From June 8, 2021 until August 16, 2021, Spivak was detained and cut off from the world, except for the use of a prison telephone that the FBI was monitoring night and day. During this time, Spivak had conversations with his wife and others about marshalling evidence to show that

he was not (a) a danger to the community and could thus be freed from pretrial detention, or (b) guilty of securities fraud, as alleged in the complaint. SSI ¶¶ 67-84.

On June 23, 2021, the grand jury returned an indictment charging Spivak with one count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371. ECF 13, PageID 41-53. When Spivak refused to plead guilty, the Government sought a Superseding Indictment that charged Spivak with two counts of conspiracy to commit securities fraud and twelve counts of securities fraud in violation of 15 U.S.C. § 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5, and twenty-four counts of wire fraud in violation of 18 U.S.C. § 1343. ECF 33. In that Superseding Indictment, the Government added Spivak's wife to the conspiracy count charged in Count One and Count Two. Again, Spivak refused to plead guilty. Almost two years later the Government sought a Second Superseding Indictment that added counts allegedly based on Spivak's conduct after he was arrested on June 8, 2021. ECF 206.

Count Forty-Eight charges Spivak with conspiracy to obstruct justice in violation of 18 U.S.C. § 1512(k) based on his requests to his wife, from detention, that she and others attempt to secure favorable witness testimony for Spivak. Notably, the SSI <u>does not</u> charge Spivak with threatening, intimidating, harassing, or attempting to corrupt any witness. Count Fifty charges Spivak with obstruction of a federal investigation in violation of 18 U.S.C. § 1519, based on Spivak's alleged instruction to his wife to conceal computers.

**II.     THE STANDARD**

Indictments in federal court must comply with constitutional requirements and the Federal Rules of Criminal Procedure. The Sixth Amendment declares that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation[.]" U.S. Const. amend. VI. The Supreme Court has identified two constitutional requirements for federal indictments. "[F]irst, [that it] contains the elements of the offense charged and fairly

2

informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (second and third alterations in original) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

The Federal Rules of Criminal Procedure require indictments to include "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). "However, the recitation of statutory language must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged." *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) (cleaned up). Further, "[t]he indictment must be read as a whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications." *United States v. Lee*, 919 F.3d 340, 349 (6th Cir. 2019) (quoting *McAuliffe*, 490 F.3d at 531).

### III. COUNT FORTY-EIGHT MUST BE DISMISSED BECAUSE IT CHARGES LAWFUL CONDUCT

The Sixth Amendment of the United States Constitution provides, among other things, that: "In all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. Courts have interpreted the Sixth Amendment to mean that all criminal defendants have the right to call witnesses, present evidence, and otherwise present a defense to the charges against them. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 313 (2009) ("[T]he Compulsory Process Clause guarantees a defendant the right to call witnesses . . . ."); *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (explaining that, along with the Due Process and Confrontation clauses, the Compulsory Process Clause provides for the opportunity to present a

3

defense, and that "an essential component of procedural fairness is [the defendant's] opportunity to be heard"). Indeed, it is bedrock law that, "the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Cottenham v. Nagy*, No. 21-1711, 2023 U.S. App. LEXIS 21755, at *24 (6th Cir. Aug. 16, 2023) (quoting *Crane*, 476 U.S. at 690).

Count Forty-Eight of the SSI seeks to convict Spivak for his attempt to marshal evidence to defend himself. Count Forty-Eight alleges that Spivak engaged in a conspiracy:

(1) "To knowingly intimidate, threaten and corruptly persuade another person, and to attempt to do so, and to engage in misleading conduct toward another person, with intent to influence, delay and prevent the testimony of a person in an official proceeding, that is, a hearing before a Magistrate Judge of the District Court for the Northern District of Ohio, in violation of Title 18, United States Code, Section 1512(b)(1);"

(2) "To knowingly intimidate, threaten and corruptly persuade another person, and to attempt to do so, and engage in misleading conduct toward another person with intent to hinder, delay, and prevent the communication to a law enforcement officer of information relating to the commission and possible commission of a federal offense, in violation of Title 18, United States Code, Section 1512(b)(3);"

(3) "To corruptly obstruct, influence and impede, and to attempt to do so, an official proceeding, that is, a hearing before a Magistrate Judge of the District Court for the Northern District of Ohio, in violation of Title 18, United States Code, Section 1512(c)(2);"[1] and

---

[1] The United States Supreme Court recently granted certiorari on the question of whether 18 U.S.C. § 1512(c)(2) could be used to charge obstruction related to a witness, rather than a document. *Fischer v. United States*, No. 22-3038 (D.C. Cir. April 7, 2023). If the Supreme Court holds that 1512(c)(2) only applies to documents, it will invalidate Count Forty-Eight as charged in the SSI.

4

> (4) "To intentionally harass another person in an attempt to hinder, delay, prevent and dissuade any person from attending and testifying in an official proceeding; and reporting to a law enforcement officer and judge of the United States the commission and possible commission of a federal offense, all in violation of Title 18, United States Code, Section 1512(d)."

Summarizing these allegations, Count Forty-Eight charges Spivak with conspiracy to obstruct justice by influencing a witness's testimony, or convincing a witness not to appear at a Magistrate hearing (presumably related to Spivak's detention), through intimidation, threats, corruption, or harassment.

### A. The Recorded Jail Calls do Not Demonstrate any Attempt to Intimidate, Threaten, or Corruptly Persuade Anyone

To support the conspiracy charged in Count Forty-Eight, the SSI describes approximately eleven record prison calls where Spivak discusses his pretrial detention, and one recorded prison call where he discusses USLG's investors. None of these calls suggest that Spivak conspired to, or intended to, threaten, intimidate, harass, or corrupt anyone.

The eleven recorded prison phone calls discussing Spivak's detention occurred in the two-day period between June 21, 2021 and June 23, 2021. SSI ¶¶ 68-83. In these calls, Spivak spoke to his wife, Olga Smirnova, and two people only identified as Employee-1 and Employee-2. As described in the SSI, Spivak directed Smirnova and others to: contact the "witness," who is presumably the person whose house received the bag of rodent(s), and tell him to "call the FBI and tell them there was a mistake," SSI ¶ 70; and "bug [the witness] first thing tomorrow and have them call the FBI or call [Spivak's attorney] . . . ." SSI ¶¶ 73. In another call, Spivak asked his wife to help get the witness to sign an affidavit to provide to Spivak's attorney. SSI ¶ 75. In a

5

follow-up call, Smirnova told Spivak that she would discuss with Spivak's attorney what was needed in the affidavit. SSI ¶ 77.

In other calls, Spivak spoke about calling the "witness and his supervisor" or just calling the "supervisor" to tell them what the witness said. SSI ¶¶ 70, 71, 72, 73. Further calls detailed efforts by Employee-1 and Employee-2 to get the witness to sign an affidavit. SSI ¶¶ 81, 82. These calls suggest that the witness did not want to sign an affidavit or be involved.

In the one call discussing USLG investors, Spivak asked Employee-1 and Employee-2 to call "loyal shareholders" for their help. SSI ¶ 84. In this call, Spivak told Employee-1 to blame Richard Mallion and expressed that he was concerned about investors "dumping" stock and "suing." USLG. SSI ¶ 84.

### B. The Recorded Calls do not Show a Conspiracy to Obstruct Justice Pursuant to Section 1512

Count Forty-Eight charges Spivak with violating 18 U.S.C. § 1512(k), which provides that: "[w]hoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy." Section 1512 is typically used to prosecute instances of witness tampering where someone actually threatens a witness, physically injures a witness, or attempts to compel a witness to lie or not appear.

Count Forty-Eight cannot state a charge for conspiracy to commit witness tampering because it does not adequately alleges that Spivak or anyone else in the alleged conspiracy sought to violate any provision of 18 U.S.C. § 1512. *See United States v. Miller*, 767 F.3d 585, 602 (6th Cir. 2014) ("A conspiracy exists where the defendants knowingly and intentionally agreed to violate the law . . . ."). As an initial matter, Count Forty-Eight fails to allege a conspiracy to violate Section 1512. "The essence of conspiracy is an agreement to commit an unlawful act." *Id.* at 599.

6

There is nothing in Count Forty-Eight that suggests Spivak had an agreement with anyone. Rather, Count Forty-Eight details calls between Spivak and his wife and two employees, where Spivak directs the employees to contact certain people.

Even if the Government could prove that Spivak conspired with someone, despite the fact that no one else has been charged, Count Forty-Eight as charged does not demonstrate that Spivak conspired to violate the obstruction statute. Section 1512(b)(1) makes it illegal to use intimidation, threats, or corrupt persuasion to influence a person's testimony or prevent that person from testifying in any official proceeding. 18 U.S.C.S. § 1512(b)(1). "Intimidation" and "threat" are commonly-used terms. A threat is an expression of intention to do harm. *United States v. Johnson*, 968 F.2d 208, 211 (2d Cir. 1992). To intimidate means to discourage someone by threats or by a threatening manner or to make someone fearful, an element that requires the Government to prove that the defendant's threatening words or conduct created a reasonable likelihood that the person would be in fear of harm. *Id.* The Sixth Circuit has "previously upheld convictions for witness tampering based on 'corrupt persuasion' where the defendant encouraged a witness to lie." *United States v. Carson*, 796 F. App'x 238, 250 (6th Cir. 2019) (collecting cases).

Count Forty-Eight cannot be read to find that Spivak sought to conspire to violate Section 1512(b)(1) to unlawfully influence or prevent a person's testimony. There is no suggestion that Spivak reached an agreement with someone else to use intimidation, threats, or corruption. Quite the opposite. Indeed, the calls show that Spivak sought to have the witness contact the FBI or sign an affidavit relaying what the witness knew in order to aid the judicial review of Spivak's detention.

Section 1512(b)(3) makes it illegal to use intimidation, threats, or corrupt persuasion to delay or prevent the communication of information to a judge or to law enforcement of information

7

related to a crime or release from detention or supervision. Count Forty-Eight shows that instead of attempting to "delay" or "prevent" the communication of information to law enforcement, Spivak encouraged such communication:

> On the same date, at approximately 5:30pm, during another recorded call, SPIVAK again directed Employee-1 to call the witness and his supervisor and to tell them that "they need to call the FBI and tell them there was a mistake."

SSI ¶ 70. Accordingly, Count Forty-Eight, as charged in the SSI, does not show that Spivak conspired to violate 18 U.S.C. § 1512(b)(3).

Section 1512(c)(2) makes it illegal to "corruptly" obstruct, influence, or impede an official proceeding. Again, in this context "corruptly" means promoting a lie. *Carson*, 796 F. App'x at 250. Moreover, by its terms, Section 1512(c) refers to obstruction related to a "document, or other object," not a witness. 18 U.S.C. § 1512(c)(1). As there is no allegation that Count Forty-Eight involves any documents, based on this argument alone, Count Forty-Eight is infirm. But additionally, there is nothing in Count Forty-Eight that suggests that Spivak "corruptly" sought to interfere with an official proceeding.

Finally, Section 1512(d) makes it illegal to harass another person in an attempt to prevent or dissuade that person from testifying in an official proceeding. "[T]he word 'harass' in § 1512(d) carries its ordinary meaning, to 'badger, disturb or pester.'" *Gratz v. Ruggiero*, 822 F. App'x 78, 84 (3d Cir. 2020) (quoting *United States v. Wilson*, 796 F.2d 55, 58 (4th Cir. 1986)). A "single meeting" does not constitute harassment under the statute. *Id.*

There is simply nothing in Count Forty-Eight that suggests that Spivak conspired with another person to "harass" the witness. Spivak sought to have someone reach out to the witness to get testimony about the relevant acts. Nothing suggests that Spivak intended to harass this witness. Allowing this count to go forward on the facts alleged would criminalize the act of finding evidence to support one's criminal defense.

In sum, Count Forty-Eight does not detail any conversations about threatening, intimidating, harassing, or corrupting any witnesses. Moreover, the fact that the Government did not charge Spivak with any instance of threatening, intimidating, or corrupting any witness shows that no witness ever reported feeling subjectively threatened or intimidated.

### C. Permitting the Government to Proceed on this Count Would Prejudice Spivak

There is no doubt that, should this case go to trial, a jury will acquit Spivak of this charge, or the Court will issue Spivak a directed verdict on this count. But allowing this count to go to a jury would be a mistake that would deprive Spivak of a fair trial. Given the timing of the inclusion of Count Forty-Eight and the paucity of evidence supporting it, it is clear that the Government added this count for the sole purpose of prejudicing Spivak with the jury.

## IV. COUNT FIFTY MUST BE DISMISSED BECAUSE THERE WAS NO INVESTIGATION TO OBSTRUCT

Count Fifty charges Spivak with destroying three computers to obstruct an investigation by the Federal Bureau of Investigation in violation of 18 U.S.C. § 1519. SSI ¶ 95. For purposes of Section 1519, the Government must prove "(1) [that Spivak] committed one of the enumerated acts in the statute, such as destroying, altering, or concealing a document; (2) that he . . . did so knowingly and with the intent to impede, obstruct, or influence an investigation; and (3) the matter was within the jurisdiction of a department or agency of the United States." *United States v. Giampietro*, 475 F. Supp. 3d 779, 789 (M.D. Tenn. 2020).

This count is facially infirm. As of June 10, 2021, Spivak was detained awaiting a pretrial detention hearing. ECF 5. On June 11, 2021, United States pretrial services "conducted an in-person assessment of Mr. Spivak's residence." ECF 26, PageID 213-14. Pretrial services conducted this visit to assess whether Spivak should be detained pending trial and, specifically,

9

whether his residence was a suitable alternative to incarceration. Pretrial services does not conduct home visits to collect evidence for criminal investigations. ECF 23, PageID 195.

The FBI did not have, and has never had, a search warrant for Spivak's residence. Nor did the FBI ever search Spivak's residence. Indeed, there is no evidence that the FBI ever intended to search, or had probable cause to search, Spivak's residence. Accordingly, as of June 10, 2021, the FBI had no investigation that was impeded by Spivak's alleged concealment of three computers. And even assuming, solely for purposes of this Motion, that Spivak did attempt to conceal computers (which is not true), there was no investigation of Spivak's house from which to conceal this evidence.

Thus, contrary to what is charged in Count Fifty, Spivak could not have acted "in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation" because there was no investigation of Spivak's residence by the FBI to obstruct.

## V.     CONCLUSION

For the foregoing reasons, Defendant Paul Spivak respectfully requests that Counts Forty-Eight and Fifty be dismissed with prejudice.

Respectfully submitted,

/s/ *David L. Axelrod*
David L. Axelrod (Admitted *Pro Hac Vice*)
Lauren W. Engelmyer (Admitted *Pro Hac Vice*)
BALLARD SPAHR LLP
1735 Market Street
Philadelphia, PA 19103
Telephone:    215.864.8639
Facsimile:    215.864.8999
Email:         axelrodd@ballardspahr.com
              engelmyerl@ballardspahr.com

*Attorneys for Defendant Paul Spivak*

**CERTIFICATE OF SERVICE**

   I hereby certify that on January 10, 2024, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

              /s/ *David L. Axelrod*
              David L. Axelrod (Admitted *Pro Hac Vice*)
              Lauren Engelmyer (Admitted *Pro Hac Vice*)
              Attorneys for Defendant Paul Spivak