# Exhibit F



U.S. Department of Justice

*United States Attorney*
*Northern District of Ohio*

United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852

July 10, 2024

**VIA EMAIL**

| | |
|---|---|
| David L. Axelrod | John F. McCaffrey |
| Lauren Engelmyer | Anthony R. Petruzzi |
| Ballard Spahr LLP | Izaak Horstemeier-Zrnich |
| 1735 Market Street, 51st Floor | Tucker Ellis LLP |
| Philadelphia, PA 19103-7599 | 950 Main Avenue, Suite 1100 |
| *Counsel for Paul Spivak* | Cleveland, OH 44113-7213 |
| | *Attorney for Olga Smirnova* |

Re: *United States v. Paul Spivak, et al.* Case No. 1:21CR491, Privilege Concerns

Dear Counsel:

Thank you for providing the information identifying the documents you believe are potentially privileged. It appears that the documents are exclusively located within the extracted data from the devices seized from USLG offices. In addition to facilitating a fruitful response to your questions, identifying the documents you believe are privileged, and where you found them, helps ensure that appropriate precautions are taken as we prepare for trial.

Regarding the concern you raised three weeks ago, you had identified a single document you believed was privileged (Doc. 849). As I explained, Doc. 849 was on a flash drive provided by Susan Tubbs, which was noted in the June 30, 2023 discovery letter accompanying that production. I have attached a copy of that letter for your reference. As I have also explained, no one on the case team has reviewed Doc. 849. And again, it was not "seized" in a search warrant. Tubbs provided that drive because we were interested in other documents, which clearly are not privileged, and we turned the whole drive over in an abundance of caution. Nothing about that process supports the suggestion that the government acted improperly or disregarded privilege concerns.

My response to the six questions in your June 18, 2024, letter has been delayed as I had to review past correspondence with Mr. Spivak's former counsel, Mr. John Mitchell, regarding privilege and filter issues. A lot has happened over the course of the last three years that this case has been pending, so this background may help assuage any concerns you have. The government employed a filter team in this case; your files should reflect this fact. Filter teams are used when search warrants are conducted and there appears to be, whether before the execution or upon

initial review (or really review at any time), potentially privileged material present in the items seized.

      For example, when Spivak's phone was searched, a filter team was employed to prevent the case team from reviewing potentially privileged material. The United States initiated the filter review on its own accord. While Mr. Mitchell asked for the phone extraction on March 10, 2023, he never alerted us to the fact that the phone might have privileged information on it. Assistant United States Attorney Joseph Dangelo, assigned to conduct the filter review, corresponded with Mr. Mitchell on May 26, 2023, to alert him to the fact that the contents of the device were being filtered. The Cellebrite report of Paul Spivak's phone was produced to you on June 14, 2023. The file is titled "1B98 Apple iPhone Privilege Removed.ufdr." Upon opening that report using the Cellebrite Reader we included in the production, you will see it notes that "Privilege Terms Removed." The filter team also produced the full phone extraction and report to Mr. Mitchell on June 1, 2023. The FedEx package was delivered to Mr. Mitchell on June 2, 2023.

      Filter teams are rarely used when material is voluntarily turned over by third parties but are used when there is reason to believe privileged material will be present, as individuals and companies tend to guard their privileges when turning over documents, whether compelled by grand jury subpoenas or when voluntarily turning over documents. There was no suggestion that the Tubbs flash drive contained a privileged communication, and the case team never reviewed Doc. 849, which seems to be the only potentially privileged document on that flash drive. Since you alerted us to Doc. 849, our filter team reviewed not only Doc. 849 but others on that drive to be sure there were no other issues. We are avoiding review of Doc. 849. I believe we've behaved appropriately here, and don't believe anyone on the case team has reviewed any privileged communications either from that drive or from anywhere else.

      The case team has not reviewed other privileged materials. We have been very collaborative and cooperative with defense counsel in the discovery process, as the Court has recognized. We've produced extensive discovery in an abundance of caution not just with respect to the materials provided by Tubbs, and we have done so in consultation with both you, prior counsel for Paul Spivak, and the Court. For example, for the computers from USLG's offices, we had extensive discussions, including counsel and the Court, and ultimately all agreed, and the Court ordered, that—although at that time we had not reviewed their contents—we would turn over the complete contents to counsel for all defendants. At no point did counsel for Mr. Spivak, Ms. Smirnova, USLG or anyone else at the company alert the United States that there might be privileged communications on the seized devices.

      Looking at the "Processing Folder Path" on the excel file you provided, it appears that the majority of the identified files are located on Item 26. Regarding that specific computer, the government went back and extracted the data from that computer, a Lenovo TS440 Thinksever, to provide the data specifically at the request of Ms. Smirnova's counsel, who advised that our initial production of extracted data did not include data from that computer. I'll attach a copy of the letter to the email so that you have it for your files. You will see that we were not notified that it could contain potentially privileged communications. Recently, the government identified another computer, Item 8, that appears to have outlook data for the user "pspivak" and alerted the

2

filter team that additional data will have to be reviewed for privilege. If you can provide the item number for the computer that contained Ms. Smirnova's PST file, we can make sure that the computer is not accessed by the case team and is included in the filter review.

  Frankly, I understand and share your concern and frustration. It has been three years since the government returned the imaged devices back to USLG, and almost two years since it provided the initial extracted data, whose metadata was thoroughly reviewed by at least one expert for Ms. Smirnova, see Doc. 167, leading to protracted negotiations and litigation. In all of that time, the government was never alerted that the devices may have potentially privileged information on them. Nevertheless, I would like to find a path forward that protects your respective clients' privileges and allows everyone to continue to prepare for trial. My suggestion would be that we agree that the data produced from Items 8, 26, and the device the other PST file came from, be clawed back from the other defendants, and submitted to filter review. Filter AUSA Joseph Dangelo is the appropriate person in my office to communicate with regarding the filter process. Please let me know if you want to connect with him. In the meantime, in an abundance of caution, the case team will not be accessing the extracted data until we agree on the contours of this filter review.

  Finally, the government may seek to use documents from the extracted data in its case-in-chief once it can access non-privileged data to identify relevant evidence on the devices. Right now, this situation makes that impossible. Thank you for looking through the data and alerting us to the magnitude of the issue so that we can work collaboratively to resolve it.

              Sincerely,

              Alejandro A. Abreu
              Assistant United States Attorney