# Exhibit G

## DiMezza, Gianni V.

| | |
|---|---|
| **From:** | Axelrod, David L. |
| **Sent:** | Thursday, July 11, 2024 10:53 PM |
| **To:** | Abreu, Alejandro A. (USAOHN); Engelmyer, Lauren |
| **Cc:** | McCaffrey, John F.; Horstemeier-Zrnich, Izaak; Petruzzi, Anthony R. |
| **Subject:** | RE: U.S. v. Spivak et al. - Outstanding Discovery Issues |

Alex –

Thank you for responding, but unfortunately your response doesn't answer our questions, and in fact only creates more questions. Critically, we asked you, "What steps were taken to ensure that privileged materials were not improperly viewed, seized, or retained during the course of the investigation and prosecution of this matter." Your letter fails to answer this question. You say that "the government employed a filter team" and that our "files should reflect this fact," but you fail to attach any correspondence from the government indicating that the government was using a filter team to review items seized from USLG.

Indeed, your response begs even more questions:
(1) when did the government employ the filter team and for which devices/repositories?
(2) When did you inform Mr. Spivak the government was using a filter team?
(3) If the government was using a filter team, then how did it come to pass that the government produced hundreds of privileged documents?
(4) Why didn't the government use a filter team regarding the materials seized from USLG's offices when it was apparent that USLG has used numerous employees throughout the time of the alleged conspiracies as the government knows (e.g., there was an SEC investigation)?

Your contention that the government didn't think the seized materials would contain privileged materials is not credible. In the search warrant application that the government submitted in connection with obtaining authority to search and seize materials from USLG, the application discussed Mr. Spivak's testimony before the SEC in 2019. This demonstrates that the government had possession of that transcript and had reviewed that transcript prior to the search of USLG. A simple review of that transcript reveals that Mr. Spivak was represented in the context of the SEC investigation. Therefore, it should have been obvious to the government that the materials seized from USLG would contain communications between Mr. Spivak and these attorneys, at a minimum.

While the government may have used a filter team to review Mr. Spivak's phone, it is apparent from the document productions and your letter that the government did not employ a filter team generally. Indeed, I am not aware of a situation like this where the government broadly seized materials, failed to do anything to protect privileged communications, and then produced hundreds of privileged communications. Because of this derivation from standard practice, it is apparent that government attorneys, FBI agents, and others have had access to all of Mr. Spivak's privileged materials.

Accordingly, Mr. Spivak is entitled to know what steps the government took *and did not take* to use a filter team to review materials it seized from USLG. If the answer is that the government did not do anything, then please simply confirm this.

Dave

**David L. Axelrod**

1

# Ballard Spahr

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215.864.8639 DIRECT
215.864.8999 FAX

202.277.3215 MOBILE | axelrodd@ballardspahr.com
VCARD

--------------------------------
www.ballardspahr.com

---

**From:** Abreu, Alejandro A. (USAOHN) <Alejandro.A.Abreu@usdoj.gov>
**Sent:** Wednesday, July 10, 2024 1:31 PM
**To:** Engelmyer, Lauren <engelmyerl@ballardspahr.com>; Axelrod, David L. <AxelrodD@ballardspahr.com>
**Cc:** McCaffrey, John F. <john.mccaffrey@tuckerellis.com>; Horstemeier-Zrnich, Izaak <Izaak.Horstemeier-Zrnich@tuckerellis.com>; Petruzzi, Anthony R. <anthony.petruzzi@tuckerellis.com>
**Subject:** RE: U.S. v. Spivak et al. - Outstanding Discovery Issues

⚠ **EXTERNAL**

Lauren, Dave, and John –

Please see the attached letter regarding the privilege concerns. I've attached copies of some of the correspondence referenced in my letter since Lauren and Dave likely do not have them.

Thank you,
Alex

**Alejandro A. Abreu | Assistant United States Attorney**
**White Collar Crimes Unit**
United States Courthouse| 801 West Superior Ave. | Cleveland, Ohio 44113
T: 216.622.3620| alejandro.a.abreu@usdoj.gov

**SENSITIVE UNITED STATES ATTORNEY COMMUNICATION**

This transmission contains confidential information intended only for the addressee(s).  This information may also be privileged and/or subject to attorney work-product protection.  If you are not the intended recipient, any use dissemination, distribution or copying of this transmission, including attachments, is strictly prohibited.  If you received this transmission in error, please contact the sender.

---

**From:** Engelmyer, Lauren <engelmyerl@ballardspahr.com>
**Sent:** Tuesday, July 9, 2024 2:23 PM
**To:** Axelrod, David L. <AxelrodD@ballardspahr.com>; Abreu, Alejandro A. (USAOHN) <AAbreu@usa.doj.gov>
**Cc:** McCaffrey, John F. <john.mccaffrey@tuckerellis.com>
**Subject:** [EXTERNAL] RE: U.S. v. Spivak et al. - Outstanding Discovery Issues

Alex,

Further to Dave's email, attached is a non-exhaustive list of additional privileged communications that we identified in the government's productions. As you can see, there are over 200 clearly privileged documents. It has now been three weeks since we asked the government to provide information about what steps were taken to ensure that privilege documents were not reviewed. Please provide this information immediately. If there was a procedure put in place to screen out privileged documents it should not be difficult to share this information. If the government took no steps to protect Mr. Spivak's and Ms. Smirnova's privileged communications, we are entitled to that information too.

2

Regarding the evidence from the seized devices, we did receive your email from July 3, 2024, but that email did not answer our question. To reiterate, we are asking you to confirm whether the government intends to use any evidence in its case-in-chief from the seized devices. If so, we ask that you immediately identify those documents, as you previously promised. The Judge was clear during yesterday's conference that the government's representation—that it was not looking at those devices, and if it did, it would notify Defendants and identify where the evidence came from—was important to how the Judge decided those discovery issues at the time.

Best,
Lauren

---

**From:** Axelrod, David L. <AxelrodD@ballardspahr.com>
**Sent:** Monday, July 8, 2024 9:39 PM
**To:** Abreu, Alejandro A. (USAOHN) <Alejandro.A.Abreu@usdoj.gov>
**Cc:** Engelmyer, Lauren <engelmyerl@ballardspahr.com>; McCaffrey, John F. <john.mccaffrey@tuckerellis.com>
**Subject:** Re: U.S. v. Spivak et al. - Outstanding Discovery Issues

I hit send to quickly. Please tell us what procedures were used to screen out privileged documents and if a taint team was used please provide us contact information for those people so we can discuss the issue with them.

Thank you.

Sent from my iPhone

> On Jul 8, 2024, at 9:36 PM, Axelrod, David L. <AxelrodD@ballardspahr.com> wrote:
>
> Alex -
>
> We really need answers to the questions we sent you to assess how to proceed regarding the privileged documents.  We can give you the bates numbers for the 200 privileged documents but it has no bearing on the questions we posed to you.
>
> Dave
>
> Sent from my iPhone
>
>> On Jul 8, 2024, at 9:29 PM, Abreu, Alejandro A. (USAOHN) <Alejandro.A.Abreu@usdoj.gov> wrote:
>>
>>  **EXTERNAL**
>>
>> Lauren,
>>
>> Am I mistaken that I responded to your last email about the evidence from the devices? It's possible I didn't hit send so I'll check.  Do you have a privilege log for the approx. 200 documents David mentioned you all believed were privileged? I'm not sure how we can address your concerns relative to those documents without some identifying information.

Thanks,

Alex

AUSA Alex Abreu
216-622-3620

---

**From:** Engelmyer, Lauren <engelmyerl@ballardspahr.com>
**Sent:** Monday, July 8, 2024 4:18 PM
**To:** Abreu, Alejandro A. (USAOHN) <AAbreu@usa.doj.gov>
**Cc:** Axelrod, David L. <AxelrodD@ballardspahr.com>; McCaffrey, John F. <john.mccaffrey@tuckerellis.com>
**Subject:** [EXTERNAL] U.S. v. Spivak et al. - Outstanding Discovery Issues

Alex,

Following this afternoon's court conference, we are reaching out again on two outstanding discovery issues: (1) our June 18, 2024 letter regarding the steps the government has taken to protect Mr. Spivak's and Ms. Smirnova's privileged communications; and (2) our email exchanges on July 2 and July 3, 2024 regarding the government's intent to use at trial any evidence from any of the 20 devices seized at USLG's offices.

We need answers on these issues as soon as possible. Please also inform us who will be the new prosecutor on the case so that we can include that individual in these discussions. Thank you.

Best,
Lauren

**Lauren Engelmyer**
**She/Her/Hers**

<~WRD0000.jpg>

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215.864.8314 DIRECT

engelmyerl@ballardspahr.com
VCARD

<~WRD0000.jpg>
www.ballardspahr.com

4