UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-cr-00491 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | |
| PAUL SPIVAK, | |
| Defendant. | |

**OPINION AND ORDER**

On May 31, 2024, the Court issued an Omnibus Opinion and Order on numerous pretrial motions. Among other things, in that ruling the Court found that the United States waived its arguments against dismissal of Count 48 and Count 50 and, accordingly, dismissed those counts. The United States seeks reconsideration of the dismissal of both counts.

BACKGROUND

When the Court issued its Omnibus Opinion and Order on May 31, 2024 (ECF No. 327), the record consisted of multiple motions from the various Defendants, an omnibus response from the United States, subsequent replies from each Defendant, and an oral argument lasting over three and a half hours. Specifically at issue in this motion for reconsideration is Mr. Spivak's motion to dismiss Count 48 and Count 50 of the second superseding indictment (ECF No. 285), the response of the United States (ECF No. 303; ECF No. 305), and Mr. Spivak's omnibus reply (ECF No. 308, PageID #2959; ECF No. 309, PageID #2981). In his reply, filed nearly three weeks

1

before oral argument, Mr. Spivak pointed out that the United States "fail[ed] to even respond to this motion" to dismiss Count 48 and Count 50. (ECF No. 308, PageID #2959; ECF No. 309, PageID #2981.)

At oral argument, the United States maintained that, by responding to the motions to dismiss Count 1 and Count 2, it addressed the conspiracy charged in Count 48 by implication. (ECF No. 319, PageID #3101–02.) Counsel for the United States conceded that "the Government's response does not address the factual disputes that the defendant makes." (*Id.*, PageID #3101.) Regarding Count 50, the United States contended that there was an ongoing federal investigation into securities fraud, but otherwise did not explain where its brief opposed Mr. Spivak's motion to dismiss Count 50. (*Id.*, PageID #3102–03.) Following oral argument on April 25, 2024, no party filed any additional briefing regarding Count 48 or Count 50.

\*     \*     \*

This background and a thorough review of the record shows that only three pages of the oral argument transcript address the motion to dismiss Count 48 and Count 50. On those pages of the transcript, the United States claimed that its omnibus response to Defendants' pretrial motions *did* respond in its omnibus response to Mr. Spivak's motion seeking dismissal of the two counts at issue here. (ECF No. 319, PageID #3101.) Even now, the motion for reconsideration does not point to any specific statements the United States made responding to Mr. Spivak's motion to dismiss the counts at issue, outside of the general language on the first two pages of the omnibus response (*see* ECF No. 338, PageID #3295) and the three pages

2

of the oral argument transcript. In its Omnibus Opinion and Order, the Court considered the totality of the response of the United States to Mr. Spivak's motion to dismiss Count 48 and Count 50 and found that this record failed to respond to the specific arguments Mr. Spivak made for dismissal. (*See* ECF No. 327, PageID #3238–39.)

## ANALYSIS

The United States asks this Court to reconsider its decision dismissing Count 48 and Count 50 on the ground that the United States waived its arguments against dismissal. In doing so, it makes two arguments in support of reconsideration: (1) the Court's decision is based on a mistake of fact, and (2) the Court erred as a matter of law. (ECF No. 338, PageID #3294.) More specifically, it argues: (1) the Court's holding that the United States "did not oppose [Mr.] Spivak's dismissal motion was factually inaccurate," and (2) even if it had not opposed the dismissal motion, the Court had "an independent obligation to get the law right in criminal cases." (*Id.*) If the Court denies reconsideration, the United States asks the Court to state whether dismissal of these counts is with or without prejudice.

**I.     Waiver**

At the outset, the Court begins by clearing up one matter about the record. Regarding the merits of Mr. Spivak's arguments, the United States either misunderstands or misrepresents what the Court found in the Omnibus Opinion and Order. In its motion for reconsideration, the United States asserts that the Court recognized that "Defendant's argument had no merit." (ECF No. 338, PageID #3302.)

3

As a preface to its analysis of Count 48, the Court stated: "On the surface, this challenge appears to have little merit." (ECF No. 327, PageID #3237.) Similarly, the Court began its discussion of the motion to dismiss Count 50 by noting that, "Mr. Spivak's argument appears to have little merit at first glance." (*Id.*, PageID #3238.) But the Court did not "wade into the merits of the challenges Mr. Spivak [made] to Count 48 or Count 50" because the United States "did not speak to the merits of Mr. Spivak's motion to dismiss [these counts]." (*Id.*, PageID #3238–39.)

An observation about the potential merit or lack of merit of an unanalyzed argument does not amount to a finding or recognition about the ultimate merits if the Court proceeded to consider them. As happens in law at times, arguments that first appear weak carry the day upon further consideration, and vice versa. And if, as the United States now contends, Defendant's arguments on these counts lack merit, it could have said so months ago. Trying to use a passing observation as a basis for reconsideration confirms that the United States failed to oppose dismissal of these counts when it had the chance to do so. Without argument directed to the merits of dismissal of these counts, the Court had no occasion to analyze the merits further. Doing so might or might not have led to a different ultimate determination.

But, the United States says, the Court has "an independent obligation to get the law right in criminal cases." (ECF No. 338, PageID #3294.) In its view, the government can sit quiet in response to a defendant's motion and, nonetheless, a court must not "ignore the law and grant a motion that should be denied." (ECF No. 338, PageID #3303.) In other words, a court should do the work the government

4

fails to undertake. Such a view fails to take account of the adversary system and transforms the role of the judiciary from a neutral forum for resolution of presented disputes to an actor with a thumb on the scale and license to invade the province of the Executive.

To support this radical position, the United States again takes a court's discussion out of context and tries to apply it for purposes for which it was not intended. It relies on *United States v. Jones*, 53 F.4th 414, 417 (6th Cir. 2022). There, the Sixth Circuit addressed the *remedy* for a guilty plea that was, admittedly, not knowing and voluntary. The defendant requested remand for resentencing with a maximum sentence consistent with the parties' (mistaken) guideline calculations. Without developing an argument, which the Sixth Circuit found was "an obvious forfeiture," *id.*, the United States simply said that the defendant was not entitled to that remedy. The United States' failure to develop its argument, the Sixth Circuit noted, "doesn't automatically entitle the defendant to whatever *remedy* he seeks"—in that case, a sentence below the guideline range. *Id.* In other words, the government's forfeiture does not change the legal regime that governs sentencing. To obtain the remedy the defendant sought, the parties needed a Rule 11(c)(1)(C) plea agreement to which no one agreed. *Id.*

In making this determination, the Sixth Circuit extended *Young v. United States*, 315 U.S. 257, 258–59 (1942), which involved a stipulation in the face of confessed error, to remedies. *Jones*, 53 F.4th at 417. In turn, *Young* noted that the Solicitor General's confession of legal error does not relieve the Court of its duty to

5

discharge its constitutionally mandated judicial function. 315 U.S. at 258. After all, a decision from the Supreme Court based on that confession will set precedent or, at minimum, influence the inferior courts in their interpretation and application of the statute at issue. *Id.* at 259 ("[O]ur judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of parties.").

In this context, the Sixth Circuit observed that "courts have an independent obligation to get the law right in criminal cases." *Jones*, 53 F.4th at 417. Of course, courts have an obligation "to get the law right" in civil cases too. But that obligation, that maxim, does not excuse counsel from advocating for its client or permit it to invite error. Indeed, in *Jones*, the Sixth Circuit recognized that in some circumstances "courts can appropriately hold the government to its forfeiture." *Id.* at 417 n.1. After all, "it is not for the court to search the record and construct arguments. Parties must do that for themselves." *Id.* (quoting *Brenay v. Schartow*, 709 F. App'x 331, 337 (6th Cir. 2017)). In any event, the Sixth Circuit understands *Jones* as applying to forfeiture of arguments affecting the legal availability of remedies, not substantive arguments on the merits. The United States knows that distinction well. In a criminal case out of the Northern District, the Sixth Circuit read *Jones* as not extending to substantive arguments. *See United States v. Beard*, No. 22-3398, 2023 U.S. App. LEXIS 12636, 2023 WL 4230048, at *4 (6th Cir. 2023). There, the Sixth Circuit rejected reliance on the same maxim the United States invokes here where it "either waived or forfeited" an argument by failing to "assert

6

[it] in its opening appellate brief or in the district court below." *Id.* A letter brief on appeal, much like a motion for reconsideration, fails to cure this fatal defect.

This discussion shows that reliance on *Jones* is misplaced. Here, the government's waiver of its arguments against dismissal of Count 48 and Count 50 does not change the legal remedies available. And it is not the Court's job to plumb the record in search of arguments not made. Nothing about the decision of the United States to decline to proceed with Count 48 and Count 50 affects a remedy otherwise unavailable or suggests that the Court somehow ignored the law in ruling on Mr. Spivak's motion to dismiss these counts.

The only remaining task for the Court is to reconsider whether the United States waived or forfeited its opposition to dismissal of Count 48 and Count 50. The Court considers each count in turn.

**I.A.    Count 48**

Count 48 charges Mr. Spivak with conspiracy to obstruct justice, in violation of 18 U.S.C. § 1512. (ECF No. 206, PageID #1447–56.) The United States argues that Mr. Spivak's "core" argument in his motion to dismiss was that Count 48 charged lawful conduct, similar to his argument regarding Count 1 and Count 2. (ECF No. 338, PageID #3297.) Whatever Defendant's argument, the Court determined that the United States failed to respond to the argument either in briefing or at oral argument. In short, the Court ruled that the United States "[did] not address Count 48 or its underlying facts." (ECF No. 327, PageID #3239.) In reaching that decision, the Court reviewed the record and found no opposition to Mr. Spivak's

7

motion to dismiss Count 48. (ECF No. 327, PageID #3238–40; *see also* ECF No. 303, ECF No. 305 & ECF No. 319.)

In the face of this record, the United States maintains that it "opposed" the motion to dismiss "on the merits" based on asking for all motions to be "denied because they incorrectly apply the law and raise evidentiary questions of fact" and citing precedent regarding the legal standard governing sufficiency of the indictment. (ECF No. 338, PageID #3299; ECF No. 303, PageID #2821.) The way in which the United States opposed the motion to dismiss Count 1 and Count 2 underscores how much of a stretch this position is. To oppose dismissal of Count 1, for example, the United States did more than make a generic request that the Court deny the motion. It pointed to facts alleged in the second superseding indictment to rebut claimed deficiencies, explained how those facts met the governing standard for notice, and argued that it charged conduct that a jury could find criminal. (*See* ECF No. 303, PageID #2823–28; ECF No. 305, PageID #2877–82.) It even cited authority for these arguments. (*See id.*) In contrast, when it came to Count 48 . . . nothing.

Its claims to the contrary do not withstand even cursory review of the record. Even as the United States now recognizes that Mr. Spivak claimed factual deficiencies in Count 48 (ECF No. 338, PageID #3297–98), one searches in vain for the development of an opposing argument. A general statement of opposition to a motion, without more, leaves the Court to do the government's work for it, and that is *not* the Court's job. When it comes to Count 48, the United States simply did not more. And while the United States cites authority for overlooking waiver or forfeiture

8

"in exceptional cases" or "when the rule would produce a 'plain miscarriage of justice,'" it does not even attempt to explain why this is such a case. (*See* ECF No. 338, PageID #3306 (collecting cases).)

In fairness to the United States, in seeking reconsideration of the Court's Omnibus Opinion and Order regarding sequencing or phasing of the trial (*see* ECF No. 339 & ECF No. 356), the United States points to some evidence regarding Count 48 (and Count 50) that it would intend to proffer as evidence of guilt of the conspiracy counts. But these examples all oppose dismissal of the conspiracy counts (Count 1 or Count 2) or opposed proceeding with separate trials. None supports an argument (which the United States did not develop) opposing dismissal of Count 48.

Finally, on reconsideration, the United States responds to a legal argument Mr. Spivak advanced for dismissal of Count 48. Mr. Spivak claims that the charge violated his Sixth Amendment right to mount a defense, "including but not limited to, the right to call witnesses, present evidence and present a defense to the charges against" him. (ECF No. 338, PageID #3297; *see also* ECF No. 285, PageID #2319 & 2325.) The United States asserts that, at oral argument, it attempted to recharacterize that basis for dismissal. (*See* ECF No. 338, PageID #3300.) Counsel stated that "another way to understand" Mr. Spivak's Sixth Amendment argument "is that the charge should be dismissed because he did not have the specific intent to commit the crime." (ECF No. 338, PageID #3300; *see also* ECF No. 319, PageID #3102 (not mentioning the Sixth Amendment).) In this view, the United States would treat the Sixth Amendment argument as a factual dispute "disguise[d] . . . as a legal one"

9

and a "red herring." (ECF No. 338, PageID #3303, #3305.) Whether Mr. Spivak premised his motion to dismiss Count 48 on a factual or legal basis, the brief of the United States failed to respond to either. (*See* ECF No. 303; ECF No. 305.) Indeed, it mentions the Sixth Amendment only in the context of whether joinder was proper. (*See* ECF No. 303, PageID #2832–33; *see* ECF No. 305, PageID #2886–87.)

In short, as already noted, "it is not for the court to search the record and construct arguments. Parties must do that for themselves." *Jones*, 53 F.4th at 417 n.1 (quoting *Brenay v. Schartow*, 709 F. App'x 331, 337 (6th Cir. 2017)). The United States did not make an argument opposing dismissal of Count 48 when it had the opportunities to do so. Reconsideration leads the Court to the same finding.

**I.B.   Count 50**

Unlike Count 48, this obstruction count does not charge a conspiracy. (ECF No. 206, PageID #1459.) Therefore, the United States cannot—and does not—argue that its opposition to dismissal of the other conspiracies charged in Count 1 and Count 2 encompasses Count 50. Instead, it contends that generally identifying its opposition to dismissal of Count 50 in its brief and identifying the governing legal standard for the sufficiency of an indictment avoids a waiver. (ECF No. 338, PageID #3298–99.) But such an approach fails to develop an argument against dismissal.

At oral argument, the United States "contended that there was an ongoing federal investigation that [fell] within the FBI's jurisdiction, but otherwise did not explain where its brief opposed Mr. Spivak's motion to dismiss Count 50." (ECF No. 327, PageID #3239; *see also* ECF No. 319, PageID #3102–03.) Review of the transcript shows one page on which the United States articulated the factual basis

10

for Count 50. (ECF No. 319, PageID #3103.) But counsel failed even to apply those alleged facts to the elements of the offense charged or the sufficiency standard. Still, in context, connecting those dots involves minimal inferential work, making this issue exceedingly close. With the benefit of reconsideration, and after having initially drafted a contrary ruling, the Court agrees that at oral argument the United States sufficiently opposed Mr. Spivak's motion to dismiss to avoid a waiver, if barely. And the issue could not be closer. Were the standard for sufficiency of the indictment even slightly more demanding, the basic principles of party presentment would likely require adhering to the initial ruling.

For this reason, the Court sets aside the waiver, and turns to the merits of Mr. Spivak's motion to dismiss Count 50 with the benefit of the government's argument, such as it is. Based on its review of the second superseding indictment, Defendant's motion and reply, and the governing legal standard, the second superseding indictment "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Howard*, 947 F.3d 936, 942 (6th Cir. 2020); *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). In seeking dismissal of this count, Mr. Spivak contests the facts supporting the charge, specifically whether he "impeded" an existing federal investigation. (ECF No. 285, PageID #2332.) As the United States stated at oral argument, it must prove that fact at trial. Perhaps it can. Perhaps not. That fact is

11

for the jury to decide. At this stage of the proceedings, the Court finds that the second superseding indictment provides sufficient notice to survive dismissal.

## II.     With or Without Prejudice

As the United States recognizes in its reconsideration motion, Mr. Spivak's motion to dismiss Count 48 sought dismissal of both counts *with prejudice*. (ECF No. 338, PageID #3307; ECF No. 285, PageID #2332.) In its ruling, the Court did not expressly state whether dismissal was with or without prejudice. (ECF No. 327, PageID #3240 & #3256.)

Under the law of this Circuit, "[a]ny irregularity in an original indictment has no effect on a subsequent indictment." *United States v. Blair*, 214 F.3d 690, 701 (6th Cir. 2000) (citation omitted). In seeking dismissal of Count 48, Defendant does not contend that the United States acted in bad faith or engaged in conduct of a sort that might warrant a dismissal with prejudice. Further, the Court dismissed Count 48 based on a waiver, not on the merits. Therefore, the Court clarifies that the dismissal of Count 48 is without prejudice.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motion of the United States for reconsideration (ECF No. 338).

**SO ORDERED.**

Dated:  August 10, 2024

                                      J. Philip Calabrese
                                      United States District Judge
                                      Northern District of Ohio

13