IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 1:21-CR-00491 |
| Plaintiff, | ) JUDGE J. PHILIP CALABRESE |
| v. | ) |
| PAUL SPIVAK, et al., | ) |
| Defendants. | ) |

### DEFENDANT PAUL SPIVAK'S MOTION TO ADMIT CERTAIN PORTIONS OF HIS PRIOR TESTIMONY BEFORE THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION

The Government stated in its opening arguments that it expects to introduce evidence of Defendant Spivak's sworn testimony in front of the Securities and Exchange Commission on July 30, 2019 ("SEC testimony").[1] Specifically, the government represented that in response to a question from the SEC about whether USLG paid any "transaction-based compensation" to any individuals, Defendant Spivak responded "no." The government did not tell the jury that Defendant Spivak gave additional testimony that clarified and completed his testimony about the nature of payments to the marketers. *See e.g.,* Government Exhibit ("Gov. Ex.") 303-A at 59:20-60:21; 83:20-84:11. Given the government's misleading presentation of Defendant Spivak's testimony, Defendant Spivak seeks this Court's permission to introduce necessarily clarifying portions of his SEC testimony under Federal Rule of Evidence 106. Further, Defendant Spivak seeks permission to introduce portions of his SEC testimony, not for the truth of the matters asserted therein,

---

[1] The government also made this argument in its trial brief. *See* ECF 392, PageID #: 4039-63.

but as non-hearsay evidence of his lack of criminal intent and good faith under Federal Rule of Evidence 801(c)(2).

First, Defendant Spivak moves for permission to introduce clarifying portions of his SEC testimony under Rule 106 as necessary to correct incomplete, misleading, or out of context portions offered by the government. Rule 106's "rule of completeness" states that "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."[2] Accordingly, the Sixth Circuit requires that "a statement be admitted in its entirety when this is necessary to explain the admitted portion, to place it in context, or to avoid misleading the trier of fact, or to ensure a fair and impartial understanding of the admitted portion." *United States v. Gallagher*, 57 F. App'x 622, 628 (6th Cir. 2003); *United States v. Dotson*, 715 F.3d 576, 582 (6th Cir. 2013).

Here, we anticipate that the government will introduce the following excerpt from Defendant Spivak's SEC testimony:

> Q: Was any transaction-based compensation paid to any of these individuals?
>
> A: No.

Gov. Ex. 303-A, at 37:2-4. But this excerpt is misleading because Defendant Spivak later clarified and further explained his response. For example, he testified:

> Q: I guess my understanding of how Bongiorno and Arthur may operate is that they may approach a company like yours and then they offer to do a host of -- let's just call it investor relations activities. And then they are compensated for basically all of their raised from investors. So they may be doing, for example -- I'm just making this up. YouTube videos, but they're not being paid specifically for creating a You Tube video. It's part of the overall encompassing set of activities that will use other rubric investor relations. But how they bill for that, how they're paid for that is based on monies raised from investors. And that, to some extent, the various invoices that they issue may be truthful, may, in part, be

---

[2] Rule 106 was amended in 2023 "specifically to provide" that "if the existing fairness standard requires completion, then that completing statement is admissible over a hearsay objection." *United States v. Crowell*, 2023 U.S. Dist. LEXIS 222751, *2 (S.D. Ohio Dec. 14, 2023) (quoting Fed. R. Evid. 106 (2023 Adv. Committee Notes)). The Advisory Committee reasoned that "the rule of completeness, grounded in fairness, cannot fulfill its function if the party that creates a misimpression about the meaning of a proffered statement can then object on hearsay grounds and exclude a statement that would correct the misimpression." Fed. R. Evid. 106 (2023 Adv. Committee Notes).

>obscuring what they're actually doing in terms of soliciting investors by using terms like advertising or marketing services. But they are actually being compensated based on a percentage of funds raised from investors.
>
>A: Well, that is mostly correct. But I do know that they have done YouTube videos, and they have done all of that.
>
>Q: I'm not saying they aren't doing it. What I'm saying is --
>
>A: Okay. Fine. Then we're in agreement. Yes.
>
>****
>
>Q: Do you know -- let me ask you this: [w]ould it be accurate to interpret these consulting agreements or marketing consulting agreements as cover or fig leaves for the payment of commissions to these individuals for raising money from investors?
>
>A: I've got to figure out how to answer that because I would not make the statement that you are 100 percent accurate in that. I would say partially, because he did do things that helped the company. Additionally, our sales have practically doubled since we've engaged these people. **So I think a better way of putting it, do you think part of them getting paid whatever for soliciting stock would be encompassed in here, I would say yes to that**. But not -- we -- this contract was created just so they can disguise what they're doing because they did a lot of good things for the company.

Gov. Ex. 303-A, at 59:20-60:21; 83:20-84:11 (emphasis added). As such, Defendant Spivak respectfully requests permission to introduce portions of the SEC testimony that explain and contextualize those offered by the government in order to prevent misleading the jury and to ensure its fair and impartial understanding of the evidence on those topics. *Dotson*, 715 F.3d at 582.

Second, Defendant Spivak seeks permission to introduce portions of his SEC testimony, not for the truth of the matters asserted therein, but to show his good faith and lack of fraudulent intent under Rule 801(c)(2). Rule 801(c)(2) provides that out of court statements are not hearsay evidence when offered for a reason other than the truth of the matter asserted therein. *United States v. Martin*, 657 Fed. App'x 193, 199 (4th Cir. 2016). Indeed, out-of-court statements are not hearsay when offered to show a defendant's belief, motive, or intent. *Martin*, 657 F. App'x at 193; *United States v. Leake*, 642 F.2d 715, 720 (4th Cir. 1981).

For example, in *Martin*, the Fourth Circuit reversed a defendant's conviction because the district court improperly excluded a recorded phone call between the defendant and another as hearsay, despite the

3

fact that it was offered to explain the defendant's belief and motive, not for the truth of the matters asserted in the call. 657 F. App'x at 193. Similarly, in *Leake*, the court held that defendant's proffered testimony about a conversation he had with a nonparty was admissible non-hearsay because it was offered not for the truth of the matters asserted but rather to show defendant's belief of the legitimacy, and lack of criminal intent, regarding the use of certain funds. 642 F.2d at 720-21 ("The statement thus served as circumstantial evidence of [the defendant's] state of mind, and would have been evidence that he did not have the specific intent necessary to aid and abet an illegal payment.").

Here, Defendant Spivak seeks to introduce portions of his SEC testimony, including for example, testimony about what he understood the commission payments to cover and that he believed all contracts with the marketers were SEC compliant,[3] to show his good faith and lack of fraudulent intent. *See* Pattern Crim. Jury. Instr. 6th Cir. 10.04 (March. 2023) ("If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant."). Defendant Spivak does not offer this testimony to prove what the commission payments actually covered, or that the contracts were "SEC compliant," but rather, to show his belief and understanding, which goes to his good faith and lack of fraudulent intent. *See, e.g.*, *Leake*, 642 F.2d at 720 (out-of-court statement about the direction of certain funds not hearsay where it "was not offered to prove that the money was, in fact, used to finance a country music concert; its purpose rather was to show that [the defendant] believed that the funds were being used in a legitimate fashion").

For these reasons, Defendant Spivak respectfully requests that the Court permit him to introduce portions of his SEC testimony (i) under Rule 106 to complete any misleading sections the government introduces; and (ii) under 801(c)(2) as non-hearsay evidence of Defendant's good faith and lack of fraudulent intent.

---

[3] *See e.g.*, Gov. Ex. 303-A, at 61:6-16; 62:2-15.

4

Dated: August 27, 2024                    Respectfully submitted,

                                                                  /s/ *David L. Axelrod*
                                                                  David L. Axelrod (Admitted Pro Hac Vice)
                                                                  Lauren W. Engelmyer (Admitted Pro Hac Vice)
                                                                  BALLARD SPAHR LLP
                                                                  1735 Market Street
                                                                  Philadelphia, PA 19103
                                                                  Telephone:    215.864.8639
                                                                  Facsimile:    215.864.8999
                                                                  Email:           axelrodd@ballardspahr.com
                                                                               engelmyerl@ballardspahr.com

                                                                  *Attorneys for Defendant Paul Spivak*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *David L. Axelrod*
David L. Axelrod (Admitted *Pro Hac Vice*)
Lauren Engelmyer (Admitted *Pro Hac Vice)*

*Attorneys for Defendant Paul Spivak*