IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:21-cr-491 |
| v. ) | |
| ) | |
| PAUL SPIVAK, ) | |
|     Defendant. ) | |
| ) | |

### MOTION TO WITHDRAW GUILTY PLEAS AND MEMORANDUM
### IN SUPPORT OF MOTION

Undersigned counsel, on behalf of her client, Paul Spivak, respectfully asks this Court to allow Spivak to withdraw the guilty pleas he entered on September 11, 2024, and then dismiss the charges against him. Alternatively, he asks this Court to allow him to withdraw the guilty pleas and then set his case for trial.

**I.  Relevant Procedural History**

Paul Spivak, along with his wife, Olga and others were indicted by way of a superseding indictment and charged with multitudinous counts of wire and securities fraud. After jury trial conducted from August 20, 2024, to September 11, 2024, Spivak was acquitted of nearly all substantive counts, being convicted of only Counts 1, 27, and 28.[1] In fact, he was acquitted of 29 counts of that superseding indictment. The day after those charges were resolved, and on the day

---

[1] Paul Spivak was convicted of conspiracy to commit securities fraud in violation of 18 U.S.C. §371, and wire fraud in violation of 18 U.S.C. §1343 in connection with the purchase and sale of USLG securities on or about September 20, 2016, and October 4, 2016. As trial counsel has argued in the motion for acquittal, or in the alternative, for a new trial, the acquittals on the 29 substantive counts have gutted the conspiracy charge, and the wire fraud convictions violate established United States Supreme Court law. Doc. 480, PageID ##8995-9017.

1

that Part II of the trial was scheduled to start, Spivak entered a guilty plea to other counts. Specifically, and at issue in this motion, are the following counts to which Paul Spivak pleaded guilty: Counts 2, 20, 22, and 44-47.

At the guilty plea hearing on September 11, 2024, this Court withheld its acceptance of the guilty plea pending its review of the presentence report. The Court informed Spivak that, "[i]f the Court rejects your plea agreement and its provisions that certain counts be dismissed, the Court will so notify you at the time of sentencing and give you the opportunity to withdraw your pleas of guilty." Tr. 26, Page ID# 8760.

## II. Legal Principles

Pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea after it accepts the guilty plea but before sentencing if (A) it rejects the plea agreement under 11(c)(5), or (B) the defendant can show a fair and just reason for requesting the withdrawal. Rule 11(d)(2). The purpose of the rule "is to allow a hastily entered plea made with unsure heart and confused mind to be undone…" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991), *cert denied*, 502 U.S. 1117 (1992). Several factors inform this Court's decision to allow a defendant to withdraw his guilty plea including "(1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw his granted." *United States v. Martin*, 668 F.3d 787 (6th Cir. 2012); *see also*

*United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994). "The factors are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

## III. Argument

On balance, a weighing of these factors militates in favor of allowing Spivak to withdraw his guilty plea. First, Spivak is making this motion at the earliest point in these proceedings since he has retained new appellate counsel, and it has taken some time for counsel to obtain transcripts and information about the case.[2] This request to withdraw the guilty plea is being made at the earliest point in time given the need for counsel to familiarize herself with the case. Factors 1 and 2 support Spivak's request. Additionally, Spivak clearly has long asserted and maintained his innocence, and for good reason. After a three-week trial on these charges, he was acquitted of 29 counts and only convicted of a conspiracy count and two wire fraud counts. A challenge to those remaining counts is currently under consideration by this Court. Doc. 480 (*filed* November 4, 2024). This factor also supports Spivak's request to withdraw his guilty plea as he vigorously asserted his innocence for nearly 4 years and then exercised his Constitutional right to a jury trial. Consideration of these circumstances surrounding this entry of his guilty plea also weighs in favor of allowing Spivak to withdraw it. Exhausted after a three-week trial and standing on the precipice of having to endure another one, Spivak hastily decided to end his ordeal by entering a guilty plea. This is precisely the kind of "hastily entered plea" made with "unsure heart" and "confused mind" that *Alexander* addresses.

---

[2] Counsel has only been able to secure access to the government exhibits as of November 14, 2024, from current trial counsel. Counsel continues to be unable to access the full discovery which is voluminous and apparently only accessible via the Relativity platform.

Additionally, although a sophisticated inventor and entrepreneur, Spivak is not one with significant experience with the criminal justice system. He lacks any criminal record and is not using this provision of the federal statute to "game the system." Instead, he wishes to continue to fight for his innocence, as he has for the past nearly four years. These factors also weigh in favor of allowing Spivak to withdraw his guilty plea.

As for potential prejudice to the government in allowing Spivak to withdraw his guilty plea, there is none. Spivak's guilty plea was entered on the eve of the second part of trial. The government has fully prepared its case—it knows which witnesses it will call; it has selected what exhibits it would intend to use at trial. All the government would need to do is secure another court date if it wished to proceed with another trial. Additionally, its witnesses are, by and large, professional witnesses, so there would not be much disruption, if any, to lay witnesses who would have to attend court.

Counsel expects the Government will likely respond by arguing what it perceives will be the strength of its evidence against Spivak as a reason not to allow this Court to grant Spivak's motion. But it bears repeating—the Government's case against Paul Spivak was never as strong as it believed it to be. The jury *overwhelmingly* rejected the Government's theory of the case when it acquitted him of 29 counts and the remaining counts are in jeopardy. Under consideration by this Court is Spivak's motion to acquit him of those additional charges, and the Court should grant it. Paul Spivak's decision to enter his guilty pleas to these additional counts was done so while he was exhausted after a three-week trial, and on the precipice of having to endure yet another lengthy trial. Having stood resolute in protestations of innocence for years, he buckled momentarily. This is precisely the kind of circumstance courts have contemplated to allow a litigant to withdraw his

guilty plea. During the guilty plea colloquy on September 11th, this Court left the door open to allowing Spivak to withdraw his guilty plea. This Court should now allow him to do so.

IV. **Conclusion**

This Court should allow Paul Spivak to withdraw his guilty plea entered on September 11, 2024.

                Respectfully submitted,

                /s/ Elizabeth Franklin-Best
                Elizabeth Franklin-Best, P.C.
                3710 Landmark Drive, Suite 113
                Columbia, South Carolina 29204
                (803) 445-1333
                elizabeth@franklinbestlaw.com

                *Counsel for Paul Spivak*

December 2, 2024.