IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|        Plaintiff, ) | Case No. 1:21-cr-00491 |
| ) | |
| v. ) | |
| ) | |
| PAUL SPIVAK, et al., ) | |
|        Defendants. ) | |
| ) | |

**MOTION TO HOLD PROCEEDINGS IN ABEYANCE PENDING THE UNITED STATES SUPREME COURT'S OPINION IN *KOUSISIS***

Undersigned counsel, on behalf of defendant Paul Spivak, respectfully asks this Court to hold these proceedings in abeyance pending the United States Supreme Court's forthcoming opinion in *Stamatios Kousisis and Alpha Painting & Construction Co., Inc. v. United States of America*, No. 23-909.  The Court heard oral argument in this case on December 9, 2024, and an opinion should be released by the end of this term in June.   The reason for this request follows.

In his post-trial motions, Spivak argues the Government relied on an improper legal theory in convicting him of two counts of wire fraud.  Doc. #480.  Counsel then pointed to the recent United States Supreme Court case in *Ciminelli v. United States*, 598 U.S. 306 (2023) in support of that claim.  In its response, the Government argues *Ciminelli* has "zero relevance"[1] for the convictions in this case.  Respectfully, undersigned counsel disagrees and is prepared to argue that not only does *Ciminelli* gut a key pillar of the Government's case in this matter, but also that the Government's theory of the case, which relied in very large part on purported misstatements made to investors who purchased USLG stock, by co-defendants, in exchange for money, was foreclosed

---

[1] Doc #517, p. 14/18; PageID#10190

1

at an earlier point by binding Sixth Circuit precedent, *United States v. Sadler*, 750 F.3d 585 (2014), a unanimous opinion authored by Judge Sutton. In *Sadler*, the Sixth Circuit rejected a key theory of culpability advanced in this case as being violative of the wire fraud statute.

Here are the relevant facts of *Sadler*: Nancy Sadler and her husband ran a "pill mill." The Government proved Nancy lied to pharmaceutical distributors when she ordered pills for their clinic by using a fake name on her drug orders and by lying to the distributors that the pills were used to assist "indigent" clients. She used interstate faxes and other interstate wire communications to facilitate these purchases which constituted the basis of the wire fraud count. Nancy paid full price for the pills and did so on time.

The Government initially argued, in defending its theory of a violation of the wire fraud statute, that Nancy deprived the distributors of their pills. But as the Court noted, "paying the going rate for a product does not square with the conventional understanding of "deprive." *Sadler* at 590. The Court further remarked, as being consistent with the with the common-law root of the federal wire fraud statutes, "[t]o be guilty of fraud, an offender's "purpose must be to injure." *Id*. (quoting *Horman v. United States*, 116 F. 350, 352 (6th Cir. 1902)). As the Court found, "Nancy may have had many unflattering motives in mind for buying the pills, but unfairly depriving the distributors of their property was not one of them. As to the wire-fraud count, she ordered pills and paid the distributors' asking price, nothing more." *Sadler*, 750 F.3d at 590. Here, Spivak's company offered stock for sale; nothing more. Some investors purchased that stock for money. They got what they paid for, and Spivak never intended to injure their property rights in that stock. According to the Government's theory, in fact, he tried to artificially inflate that value, the opposite of injuring the investors' property interests.

2

The Government argued, in *Sadler*, an alternative ground for "deprivation"—that Nancy's lies convinced the distributors to sell controlled substances that they would not have sold had they known the truth. *Id*. "Nancy in other words *deprived the companies of what might be called a right to accurate information before selling the pills*." *Id*. at 590-91 (emphasis added). This is one of the key theories the Government advances here, that Spivak committed wire fraud because he denied investors information relating to commissions and the aliases used by the "pirates." The Government in *Sadler*, as here, then called a witness who testified perhaps he or she would not have entered into the pill sales transaction had he or she known the truth. But, as the Court found in *Sadler*, the statute is "limited in scope to the protection of *property rights*," and "the ethereal right to accurate information doesn't fit that description." *Id*. (quoting *McNally*, 483 U.S. at 360) (emphasis in original).

The same issue is present in this case. The Government complains that Spivak denied the investors of their money, like the distributors' pills in the *Sadler* case. But he didn't. He sold them, through these "pirates," a tangible property interest in stock. Secondarily, the Government argues Spivak's actions denied the investors of their "ethereal right to accurate information" about the aliases and commission fees. The Sixth Circuit firmly rejected this theory as a basis for wire fraud in 2014, and it is a key basis of the Government's prosecution in this case. The Government's theory fails because USLG was a company, still is a company, and it legally issued stock that investors purchased. These facts are uncontested. Spivak did not intend to "injure" anyone—in fact, just the opposite-- he wanted his stock to flourish because, in so doing, he was growing his business.

3

I. **The relevance of *Ciminelli* and *Kousisis***

The Sixth Circuit's opinion in *Sadler* has been identified by the parties in both of those cases as placing the law in this jurisdiction firmly on the side of rejecting an information-based claim of wire fraud. Michael Dreeben, a former Deputy Solicitor General with the Department of Justice, represents the petitioner in *Kousisis*. This circuit's *Sadler* case is quoted in both petitioners' briefs filed in *Ciminelli*[2] and in the *Kousisis* cases.[3] The question now squarely before the Supreme Court is this: Whether a scheme to induce a transaction in property through deception, but which contemplates no harm to any property interest, constitutes a scheme to defraud under the federal wire fraud statute, 18 U.S.C. §1343. *Kousisis*, Petitioner's Brief, i. This is a claim counsel can envision raising on behalf of Spivak in his appeal before the Sixth Circuit.

Rather than being of "zero relevance" to Spivak's case, Spivak's challenge to his convictions for wire fraud is very much entwined with issues currently percolating before the United States Supreme Court. The High Court has evidenced its interest in this issue by granting certiorari in both cases and it is prepared to speak further on the issue of the applicability of the federal wire fraud statute to cases such as this one.

Respectfully, counsel believes *Kousisis* will provide additional insight into the Court's thinking on the issue of the scope of the wire fraud statutes, a central issue in this case. Counsel respectfully asks this Court hold Spivak's case in abeyance pending the Court's issuance of its

---

[2] https://www.supremecourt.gov/DocketPDF/21/21-1170/236600/20220829154502902_Ciminelli%20Petitioner%20Brief%20-%20For%20E%20File.pdf (*last visited* 1/5/2025).

[3] See https://www.supremecourt.gov/DocketPDF/23/23-909/322808/20240819151501920_Petitioners%20Brief%20-%20Kousisis.pdf (*last visited* 1/5/2025).

4

opinion. Counsel respectfully asks this Court to allow her to file her Reply to the Government's Response to Spivak's Motions for Acquittal or for a New Trial within 14 days of the Court's opinion and then allow the Government an opportunity to file a Sur-reply at the appropriate time.

Counsel has conferred with Elliot Morrison of the US Attorney's Office and he opposes this motion.

Respectfully submitted,

/s/ Elizabeth Franklin-Best
Elizabeth Franklin-Best, P.C.
3710 Landmark Drive, Suite 113
Columbia, South Carolina 29204
(803) 445-1333
elizabeth@franklinbestlaw.com

*Counsel for Paul Spivak*

January 6, 2025